FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

**JUN 2 2 2012**

CENTRAL DISTRICT OF CALIFORNIA
BY ꟗ𝘩𝘶                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| RAMON A. ZANOLETTI,<br><br>      Petitioner,<br><br>      v.<br><br>RICK HILL, Warden F.S.P.,<br><br>      Respondent. | Case No. CV 12-04931 DOC (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a petition for writ of habeas corpus ("Petition") brought by Ramon A. Zanoletti ("Petitioner"), a state prisoner proceeding *pro se*. Petitioner is currently incarcerated at Folsom State Prison serving a 21-year sentence pursuant to a May 2007 conviction in the California Superior Court for Los Angeles County (case no. BA303537) of multiple counts of insurance fraud and sentence enhancements. The Petition is brought pursuant to 28 U.S.C. § 2254 and raises two claims directed at a March 25, 2009 prison disciplinary proceeding, in which he was found to have delayed a peace officer in the performance of his or her duties, resulting in the forfeiture of 30 days of behavioral credits and 90 days of yard privileges.

///

1   For the reasons set forth below, Petitioner is ordered to show cause why his
2   Petition should not be dismissed with prejudice because it is time-barred.

3                               **II. DISCUSSION**

4   **A.      Standard of Review**

5   Habeas Rule 4 of the Rules Governing Section 2254 Cases in the United States
6   District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly
7   examine" a habeas petition and "[i]f it plainly appears from the petition and any
8   attached exhibits that the petitioner is not entitled to relief in the district court, the
9   judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule
10  72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a
11  petition for writ of habeas corpus, and if it plainly appears from the face of the petition
12  and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate
13  Judge may prepare a proposed order for summary dismissal and submit it and a
14  proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely
15  habeas petition may be dismissed *sua sponte*, however, the district court must give the
16  petitioner adequate notice and an opportunity to respond before doing so. *Day v.*
17  *McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d
18  1039, 1043 (9th Cir. 2001); *see also Wood v. Milyard*, --- U.S. ---, 132 S. Ct. 1826, ----
19  (2012) (reaffirming *Day*'s holding that district courts are permitted to consider, *sua*
20  *sponte*, the timeliness of a state prisoner's habeas petition, and itself holding that
21  "courts of appeals, like district courts, have the authority - though not the obligation -
22  to raise a forfeited timeliness defense on their own initiative.").

23  **B.      Statute of Limitations**

24  The Petition is governed by the Antiterrorism and Effective Death Penalty Act
25  of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state
26  prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1); *see also*
27  *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) ("§ 2244's one-year limitation
28  period applies to all habeas petitions filed by persons in 'custody pursuant to the

1  judgment of a State court,' 28 U.S.C. § 2244(d)(1), even if the petition challenges a
2  pertinent administrative decision rather than a state court judgment."). In most cases,
3  the limitations period begins to run from "the date on which the judgment became final
4  by conclusion of direct review or the expiration of the time for seeking such review."
5  § 2244(d)(1)(A). However, where the petitioner is challenging an administrative action
6  such as a prison disciplinary decision, subsection (A) is inapplicable because the term
7  "judgment" in that subsection refers to the "judgment of conviction and sentence" in
8  the state court, and the words "direct review" refer to the "direct appellate review of
9  that judgment," neither of which are relevant to the administrative decision under
10 attack. *Redd v. McGrath*, 343 F.3d 1077, 1081-82 (9th Cir. 2003); *see also Shelby*, 391
11 F.3d at 1066. Instead, § 2244(d)(1)(D) applies to habeas petitions challenging
12 administrative bodies such as parole and disciplinary boards. *Redd*, 343 F.3d at 1082-
13 85; *Shelby*, 391 F.3d at 1066.

14      Under subsection (D), the limitation period begins to run on "the date on which
15 the factual predicate of the claim or claims presented could have been discovered
16 through the exercise of due diligence." *Id.* (*quoting* § 2244(d)(1)(D)). Where a
17 petitioner is challenging a state prison disciplinary proceeding, the factual basis of his
18 claims is deemed to have been discovered the day the petitioner receives notice that his
19 administrative appeal was denied. *See Shelby*, 391 F.3d at 1066.

20      The face of the Petition, the attached memorandum of points and authorities, and
21 attached exhibits establish the following relevant facts. Petitioner's disciplinary hearing
22 was held on March 25, 2009, and on that date he was found to have delayed a peace
23 officer in the performance of his or her duties, resulting in the forfeiture of 30 days of
24 behavioral credits and 90 days of yard privileges.[1] (Mem., Ex. A.) On April 13, 2009,
25 Petitioner appealed that decision to the appropriate prison appeals office, and his
26

27      [1]   It appears Petitioner was housed at Ironwood State Prison at the time of his
28 disciplinary hearing. (Mem., Exs. C&D.)

1  appeal was denied on May 20, 2009. (Mem., Exs. B&C.) He then made a final appeal
2  to the Director of the California Department of Corrections and Rehabilitation
3  ("CDCR"), which was denied on October 7, 2009, with a notation that "[t]his decision
4  exhausts the administrative remedy available to the appellant within CDCR." (Mem.,
5  Ex. D.)

6      Absent evidence to the contrary, the Court finds Petitioner received notice of the
7  director's decision the same day, on October 7, 2009. *See Redd*, 343 F.3d at 1082
8  (prisoner received notice of denial of his administrative appeal the same day); *see also*
9  *Shelby*, 391 F.3d at 1066 (the court assumed prisoner received notice the day his
10  administrative appeal was denied where the prisoner "[did] not dispute that he received
11  timely notice of the denial of his administrative appeal . . . and he offer[ed] no evidence
12  to the contrary."). Therefore, AEDPA's limitations period started to run the next day,
13  on October 8, 2009, and ended a year later on October 7, 2010. *See Patterson v.*
14  *Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run
15  on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)); *see also Redd*,
16  343 F.3d at 1085; *Shelby*, 391 F.3d at 1066. Petitioner did not constructively file his
17  pending Petition until May 30, 2012 -- 601 days after the expiration of the limitations
18  period.[2] Accordingly, absent some basis for tolling or an alternative start date to the
19  limitations period under 28 U.S.C. § 2244(d)(1)(B) or (C), the pending Petition is time-
20  barred.

21  ///

22  _____

23      [2]    Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition
24  is deemed to be filed on the date the prisoner delivers the petition to prison authorities
      for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379
25  (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule
26  3(d). For purposes of the timeliness analysis, and absent any evidence to the contrary,
      the Court finds Petitioner constructively filed his Petition by delivering it to the prison
27  mail system on May 30, 2012, the postmark date reflected on the envelope containing
28  the Petition.

1  **C.    Statutory Tolling**

2          AEDPA includes a statutory tolling provision that suspends the limitations

3  period for the time during which a "properly-filed" application for post-conviction or

4  other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v.*

5  *Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th

6  Cir. 2005). An application is "pending" until it has achieved final resolution through

7  the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct.

8  2134 (2002).

9          The face of the Petition and relevant state court records[3] establish Petitioner filed

10 three state habeas petitions challenging his disciplinary proceeding, one in the

11 California Superior Court for Riverside County (case no. RIC10022674), one in the

12 California Court of Appeal (case no. E053255), and one in the California Supreme

13 Court (case no. S193335). However, Petitioner is not entitled to statutory tolling for the

14 pendency of any of his state habeas petitions because the first of those petitions was not

15 filed in the superior court until November 23, 2010, 47 days after the limitations period

16 expired on October 7, 2010. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)

17 ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has

18 ended before the state petition was filed."); *see also Webster v. Moore*, 199 F.3d 1256,

19 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration

20 of the limitations period cannot toll that period because there is no period remaining

21 to be tolled.").

22 ///

23 ───────────────────

24          [3]     The Court takes judicial notice of Petitioner's records in the California
   Superior Court for Riverside County, which are available on the Internet at
25 http://public-access.riverside.courts.ca.gov, and in the state appellate courts, which are
   available at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith*
26 *v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal habeas courts may take judicial
27 notice of relevant state court records), *overruled on other grounds as recognized in*
   *Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).
28

1  Further, although the mailbox rule also applies to *pro se* state habeas petitions,
2  *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003), Petitioner did not attach
3  to his pending Petition a copy of his first state habeas petition in the superior court. As
4  a result, this Court is unable to preliminarily determine the constructive filing date of
5  that petition. While the lengthy 47-day delay between the expiration of the limitations
6  period and the filing of that petition most likely renders an exact constructive filing
7  date inconsequential to the timeliness analysis, nevertheless, **in order for Petitioner**
8  **to receive the benefit of a constructive filing date prior to November 23, 2010, he**
9  **must attach to his response proof of the date he actually delivered that petition to**
10  **authorities for mailing.**

11  The face of the Petition and state court records establish Petitioner is not entitled
12  to statutory tolling.

13  **D.   Alternative Start of the Statute of Limitations**

14  Although *Redd* and *Shelby* expressly held that § 2244(d)(1)(A) is inapplicable
15  to administrative actions such as a state prison disciplinary decision, § 2244(d)(1)
16  contains two additional subsections with alternate start dates to AEDPA's limitations
17  period, as discussed below.

18  **1.   State-Created Impediment**

19  In rare instances, AEDPA's one-year limitations period can run from "the date
20  on which the impediment to filing an application created by State action in violation
21  of the Constitution or laws of the United States is removed, if the applicant was
22  prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that
23  the statute of limitations was delayed by a state-created impediment requires
24  establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002).
25  Petitioner's filings do not set forth any facts for an alternate start date under this
26  provision.

27  ///

28  ///

### 2.    Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings do not set forth any facts for an alternate start date under this provision.

### E.    Equitable Tolling

The AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and show "extraordinary circumstances prevented him from filing his petition on time"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began, otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary

circumstances" prong requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted). Further, equitable tolling determinations are "highly fact-dependent," *Mendoza*, 449 F.3d at 1068, and the petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Additionally, although "we do not require [the petitioner] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for [equitable] tolling," *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply developed, and where it indicates that the [alleged extraordinary circumstance did not] cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010); *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the record is sufficient to permit the district court - and us on appeal - to evaluate the strength of the petitioner's [equitable tolling] claim, the district court does not necessarily abuse its discretion if it denies the petitioner a hearing.") (cited pursuant to Ninth Circuit Rule 36-3).

Petitioner's filings do not set forth any facts for equitable tolling.

**O R D E R**

Based on the foregoing, the Court finds this action is untimely. Accordingly, Petitioner shall have until **July 12, 2012**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended.

1        **Petitioner is warned that if a timely response to this Order is not made,**
2  **Petitioner will waive his right to respond and the Court will, without further**
3  **notice, issue an order dismissing the Petition, with prejudice, as time-barred.**
4        **Further, if Petitioner determines the Court's analysis is correct and the**
5  **Petition is time-barred, he should consider filing a Request For Voluntary**
6  **Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response.**
7
8        IT IS SO ORDERED.
9
10
11  DATED: June 22, 2012
12                         ARTHUR NAKAZATO
                       UNITED STATES MAGISTRATE JUDGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28