1
2
3
4
5
6
7

> FILED - SOUTHERN DIVISION
> CLERK, U.S. DISTRICT COURT
>
> **AUG 2 3 2012**
>
> CENTRAL DISTRICT OF CALIFORNIA
> BY _Shy_          DEPUTY

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10                 WESTERN DIVISION

11

| | |
|---|---|
| 12  RAMON A. ZANOLETTI, | Case No.  CV 12-04931 DOC (AN) |
| 13          Petitioner, | |
| 14  v. | **ORDER DISMISSING HABEAS PETITION AS TIME-BARRED** |
| 15  RICK HILL, Warden F.S.P., | |
| 16          Respondent. | |
| 17 | |

18          Before the Court is a petition for writ of habeas corpus ("Petition") brought by

19  Ramon A. Zanoletti ("Petitioner"), a state prisoner proceeding *pro se*. For the reasons

20  discussed below, the Petition is dismissed with prejudice because the Court finds it is

21  time-barred.

22                      **I. BACKGROUND**

23          Petitioner is currently incarcerated at Folsom State Prison serving a 21-year

24  sentence pursuant to a May 2007 conviction in the California Superior Court for Los

25  Angeles County (case no. BA303537) of multiple counts of insurance fraud and

26  sentence enhancements. The Petition is brought pursuant to 28 U.S.C. § 2254 and

27  raises two claims directed at a March 25, 2009 prison disciplinary proceeding, in which

28  he was found to have delayed a peace officer in the performance of his or her duties,

1  resulting in the forfeiture of 30 days of behavioral credits and 90 days of yard
2  privileges.

3  Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge
4  found it plainly appeared from the face of the Petition and relevant state court records
5  that this action was barred by the one-year statute of limitations of the Anti-Terrorism
6  and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §2244(d)(1).
7  Accordingly, on June 22, 2012, the magistrate judge issued an order to show cause that
8  notified Petitioner the action appeared to be time-barred absent some basis for tolling
9  or an alternative start to AEDPA's one-year limitations period under 28 U.S.C. §
10  2244(d)(1)(B) or (C). (6/22/12 Order to Show Cause re Dismissal of Petition for Writ
11  of Habeas Corpus by a Person in State Custody as Time-barred ("OSC"), [5].) The OSC
12  discussed the various bases for tolling and directed Petitioner to show cause why the
13  action should not be dismissed as time-barred by filing a written response no later than
14  July 12, 2012. (OSC at 5-8.) After receiving one extension of time, Petitioner filed his
15  Response to the OSC ("Response") [8]. The matter now stands submitted.

16  **II. DISCUSSION**

17  **A.  Standard of Review**

18  Rule 4 of the Rules Governing Section 2254 Cases in the United States District
19  Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas
20  petition and "[i]f it plainly appears from the petition and any attached exhibits that the
21  petitioner is not entitled to relief in the district court, the judge must dismiss the
22  petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court
23  also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of
24  habeas corpus, and if it plainly appears from the face of the petition and any exhibits
25  annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may
26  prepare a proposed order for summary dismissal and submit it and a proposed judgment
27  to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may
28  be dismissed *sua sponte*, however, the district court must give the petitioner adequate

1 notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S.
2 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir.
3 2001); *see also Wood v. Milyard*, --- U.S. ---, 132 S. Ct. 1826, 1833-34 (2012)
4 (reaffirming *Day*'s holding that district courts are permitted to consider, *sua sponte*, the
5 timeliness of a state prisoner's habeas petition, and itself holding that "courts of
6 appeals, like district courts, have the authority - though not the obligation - to raise a
7 forfeited timeliness defense on their own initiative.").

8 **B.    Statute of Limitations**

9      The Petition is governed by AEDPA, which establishes a one-year statute of
10 limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. §
11 2244(d)(1); *see also Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) ("§ 2244's
12 one-year limitation period applies to all habeas petitions filed by persons in 'custody
13 pursuant to the judgment of a State court,' 28 U.S.C. § 2244(d)(1), even if the petition
14 challenges a pertinent administrative decision rather than a state court judgment."). In
15 most cases, the limitations period begins to run from "the date on which the judgment
16 became final by conclusion of direct review or the expiration of the time for seeking
17 such review." § 2244(d)(1)(A). However, where the petitioner is challenging an
18 administrative action such as a prison disciplinary decision, subsection (A) is
19 inapplicable because the term "judgment" in that subsection refers to the "judgment of
20 conviction and sentence" in the state court, and the words "direct review" refer to the
21 "direct appellate review of that judgment," neither of which are relevant to the
22 administrative decision under attack. *Redd v. McGrath*, 343 F.3d 1077, 1081-82 (9th
23 Cir. 2003); *see also Shelby*, 391 F.3d at 1066. Instead, § 2244(d)(1)(D) applies to
24 habeas petitions challenging administrative bodies such as parole and disciplinary
25 boards. *Redd*, 343 F.3d at 1082-85; *Shelby*, 391 F.3d at 1066.

26      Under subsection (D), the limitation period begins to run on "the date on which
27 the factual predicate of the claim or claims presented could have been discovered
28 through the exercise of due diligence." *Shelby*, 391 F.3d at 1064 (*quoting* §

1  2244(d)(1)(D)). Where a petitioner is challenging a state prison disciplinary
2  proceeding, the factual basis of his claims is deemed to have been discovered the day
3  the petitioner receives notice that his administrative appeal was denied. *See Shelby*, 391
4  F.3d at 1066.

5      The face of the Petition, the attached memorandum of points and authorities, and
6  attached exhibits establish the following relevant facts. Petitioner's disciplinary hearing
7  was held on March 25, 2009, and on that date he was found to have delayed a peace
8  officer in the performance of his or her duties, resulting in the forfeiture of 30 days of
9  behavioral credits and 90 days of yard privileges.[1] (Mem., Ex. A.) On April 13, 2009,
10  Petitioner appealed that decision to the appropriate prison appeals office, and his
11  appeal was denied on May 20, 2009. (Mem., Exs. B&C.) Petitioner then made a final
12  appeal to the Director of the California Department of Corrections and Rehabilitation
13  ("CDCR"), which was denied on October 7, 2009, with a notation that "[t]his decision
14  exhausts the administrative remedy available to the appellant within CDCR." (Mem.,
15  Ex. D.)

16      The Court finds Petitioner received notice of the director's decision the same
17  day, on October 7, 2009, and Petitioner's Response does not dispute that finding or
18  offer any evidence to the contrary. *See Redd*, 343 F.3d at 1082 (prisoner received notice
19  of the denial of his administrative appeal the same day); *see also Shelby*, 391 F.3d at
20  1066 (the court assumed prisoner received notice the day his administrative appeal was
21  denied where the prisoner "[did] not dispute that he received timely notice of the denial
22  of his administrative appeal . . . and he offer[ed] no evidence to the contrary."). 
23  Therefore, AEDPA's limitations period started to run the next day, on October 8, 2009,
24  and ended a year later on October 8, 2010. *See Patterson v. Stewart*, 251 F.3d 1243,
25  1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the
26

27      [1]  It appears Petitioner was housed at Ironwood State Prison at the time of his
28  disciplinary hearing. (Mem., Exs. C&D.)

triggering event pursuant to Fed. R. Civ. P. 6(a)); *see also Redd*, 343 F.3d at 1085; *Shelby*, 391 F.3d at 1066. Petitioner did not constructively file his pending Petition until May 30, 2012 -- 600 days after the expiration of the limitations period.[2] Accordingly, absent some basis for tolling or an alternative start date to the limitations period under 28 U.S.C. § 2244(d)(1)(B) or (C), the pending Petition is time-barred.

**C.    Statutory Tolling**

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002).

The face of the Petition and relevant state court records[3] establish Petitioner filed three state habeas petitions challenging his disciplinary proceeding, one in the California Superior Court for Riverside County (case no. RIC10022674), one in the

[2]    Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). For purposes of the timeliness analysis, the Court finds Petitioner constructively filed his Petition by delivering it to the prison mail system on May 30, 2012, the postmark date reflected on the envelope containing the Petition. Petitioner's Response offers no evidence to the contrary.

[3]    The Court takes judicial notice of Petitioner's records in the California Superior Court for Riverside County, which are available on the Internet at http://public-access.riverside.courts.ca.gov, and in the state appellate courts, which are available at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal habeas courts may take judicial notice of relevant state court records), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

1  California Court of Appeal (case no. E053255), and one in the California Supreme
2  Court (case no. S193335).

3       As discussed in the OSC, Petitioner's first state habeas petition was filed in the
4  superior court on November 23, 2010, 46 days after the limitations period expired.
5  (OSC at 5.) And, although the mailbox rule applies to *pro se* state habeas petitions,
6  *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003), Petitioner failed to
7  establish a constructive filing date by attaching a copy of that petition to his pending
8  Petition. Therefore, the OSC gave him an opportunity to receive the benefit of a
9  constructive filing date by attaching to his Response proof of the date he delivered his
10 first state habeas petition to authorities for mailing. (OSC at 6.) Although Petitioner
11 failed to attach the proof requested, he did attach the signature page of his first state
12 habeas petition, which reflects he signed it on November 15, 2010. (Resp., Ex. G.)
13 Thus, for purposes of this timeliness analysis, the Court gives Petitioner the benefit of
14 the doubt that he delivered his first state habeas petition to authorities for mailing the
15 same day he signed it, November 15, 2010. *Stillman*, 319 F.3d at 1201.

16      However, even given the benefit of a November 15, 2010 constructive filing
17 date, Petitioner's first state habeas petition was still filed 38 days after the limitations
18 period expired on October 8, 2010. As a result, Petitioner is not entitled to statutory
19 tolling for the pendency of *any* of his state habeas petitions. *Ferguson v. Palmateer*,
20 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation
21 of the limitations period that has ended before the state petition was filed."); *see also*
22 *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that
23 is filed following the expiration of the limitations period cannot toll that period because
24 there is no period remaining to be tolled."). Further, for the same reason, all of
25 Petitioner's arguments for statutory tolling in the Response are moot. (*See* Resp. at 5-6,
26 11-12.)

27      The face of the Petition, state court records, and Petitioner's Response establish
28 Petitioner is not entitled to any statutory tolling.

**D.    Alternative Start of the Statute of Limitations**

Although *Redd* and *Shelby* expressly held that § 2244(d)(1)(A) is inapplicable to administrative actions such as a state prison disciplinary decision, § 2244(d)(1) contains two additional subsections with alternate start dates to AEDPA's limitations period, as discussed below.

**1.    State-Created Impediment**

In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Petitioner's filings do not set forth any facts for an alternate start date under this provision.

**2.    Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings do not set forth any facts for an alternate start date under this provision.

**E.    Equitable Tolling**

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and show "extraordinary circumstances prevented him from filing his petition on time"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began, otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted). Further, equitable tolling determinations are "highly fact-dependent," *Mendoza*, 449 F.3d at 1068, and the petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Additionally, although "we do not require [the petitioner] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for [equitable] tolling," *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply developed, and where it indicates that the [alleged extraordinary circumstance did not] cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations . . . ." *Roberts v. Marshall*,

627 F.3d 768, 773 (9th Cir. 2010); *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the record is sufficient to permit the district court - and us on appeal - to evaluate the strength of the petitioner's [equitable tolling] claim, the district court does not necessarily abuse its discretion if it denies the petitioner a hearing.") (cited pursuant to Ninth Circuit Rule 36-3).

Petitioner makes three specific arguments for equitable tolling in his Response. First, he claims he "could not have argued any potentially meritorious claims until such time that he had exhausted his claims with the State's highest court." (Resp. at 6.) However, that assertion patently fails both *Pace* requirements. First, as discussed in detail above, Petitioner filed all of his state habeas petitions after AEDPA's limitations period expired. He certainly cannot say his belated attempts to exhaust his claims establish diligence throughout the period the limitations period was running. *See Mendoza*, 449 F.3d at 1070 (a petitioner seeking equitable tolling must demonstrate he made diligent efforts "during the running of the AEDPA time limitation. . . ."). Second, he also fails to establish that the exhaustion requirement constituted an <u>extraordinary</u> circumstance preventing a timely filing. *Cf. Redd*, 343 F.3d at 1082-85 (explaining that, as a matter of course under AEDPA for a prisoner challenging a prison administrative action, "the statute of limitations will begin to run before exhaustion of state remedies and thus before the federal petition can be filed.").

Second, although Petitioner erroneously cites to California law, he argues his pending Petition "was filed within a reasonable time after he knew of the facts and the legal basis for the claims." (Resp. at 9.) However, as already discussed in detail above, Petitioner filed the pending Petition 600 days after he discovered the factual predicate of his claims. The Court finds this was not diligent for equitable tolling purposes. *Pace*, 544 U.S. at 418.

Third, Petitioner claims "[a]ny delays after this Petitioner knew of the facts and the legal basis for the claims were the result of this Petitioner being disadvantaged and/or an undereducated layman of the law." (Resp. at 9.) However, Petitioner makes

no allegation as to how or why he is "disadvantaged," and a prisoner's mere lack of legal knowledge does not warrant equitable tolling. *Johnson v. United States*, 544 U.S. 295, 311, 125 S. Ct. 1571 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness . . . ."); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) ("A petitioner's misunderstanding of accurate information cannot merit relief, as equitable tolling requires a petitioner to show that some extraordinary circumstance beyond his control caused his late petition, and this standard has never been satisfied by a petitioner's confusion or ignorance of the law alone.") (internal brackets, quotation marks, and citations omitted); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

The face of the Petition establishes Petitioner is not entitled to any equitable tolling, and his Response to the OSC does not alter that conclusion.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

1   **O R D E R**

2       Based upon the foregoing, the Court finds the Petition is time-barred. Further,

3   by way of the OSC, the Court finds Petitioner has received notice and an adequate

4   opportunity to show cause why the Petition should not be dismissed as time-barred.

5   ACCORDINGLY, IT IS HEREBY ORDERED THAT the reference to the magistrate

6   judge is vacated and the Petition is dismissed with prejudice. The clerk is directed to

7   enter judgment dismissing this action with prejudice and notify Petitioner of said

8   judgment. Any and all pending motions are terminated.

9

10

11   DATED: August 22, 2012

                                    _David O. Carter_____
12                                  DAVID O. CARTER
                                    UNITED STATES DISTRICT JUDGE
13

14   Presented by:

15

16   _____
          Arthur Nakazato
17   United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28